## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ERIC BLOCKER GARLAND,

      Plaintiff,

v.                           Case No.  4:19-cv-540-MW/MJF

ANN COFFIN and MARK HAMILTON,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

## I.    Background

Plaintiff, a non-prisoner proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983.  He alleges that Defendants violated his Fourteenth Amendment right to procedural due process. (Doc. 1). Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). The undersigned identified several

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

inconsistencies with Plaintiff's motion for leave to proceed *in forma pauperis*. The undersigned denied the motion without prejudice and directed Plaintiff to clarify the inconsistencies or pay $400.00. (Doc. 4). Plaintiff submitted a second motion for leave to proceed *in forma pauperis*, but he failed to clarify the inconsistencies. (Doc. 10). The undersigned denied the motion and directed Plaintiff to pay the $400.00 filing fee. (Doc. 11). The undersigned imposed a compliance deadline of February 21, 2020. Plaintiff did not comply with the undersigned's order. Accordingly, the undersigned issued an order directing Plaintiff to show cause why he had not complied with the court's order. (Doc. 12). The undersigned imposed a deadline of March 12, 2020 to comply. As of the date of this Report and Recommendation, Plaintiff has neither complied with the undersigned's order to pay the filing fee nor shown cause for his failure to pay the fee.

## II.    Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

### A.    <u>Failure to Pay the Filing Fee</u>

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*."

N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d 1315, 1320-21 (11th Cir. 2002);[2] *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Plaintiff's motion for leave to proceed *in forma pauperis* was denied without prejudice. The undersigned directed the Plaintiff to pay the filing fee in accordance with the Local Rules for the Northern District of Florida and specifically warned Plaintiff that his failure to pay the filing fee would likely result in dismissal. Plaintiff failed to pay the filing fee. Despite the undersigned issuing an order to show

---

[2] In *Wilson*, the Court of Appeals reviewed a district court's dismissal of a *pro se* prisoner plaintiff. The Court of Appeals noted that for an imprisoned plaintiff, failure to pay the fee may be beyond his control insofar as payment of the filing fee required authorization for prison officials to withdraw and pay the fee. *Wilson*, 313 F.3d at 1320-21. Here, based on the record before this court, Plaintiff does not appear to be imprisoned. Unlike a prisoner-plaintiff, Plaintiff in this case likely had control of his own money or could have asked for an extension of time.

cause, Plaintiff did not explain why he failed to pay the filing fee or seek an extension of time to comply with the undersigned's order. Thus, pursuant to the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

### B.  Failure to Comply with Two Court Orders

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to

prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On January 17, 2020, the undersigned ordered Plaintiff to pay the filing fee. The undersigned imposed a deadline of February 21, 2020 to comply. Thus, Plaintiff has failed to comply with that order since February 21, 2020.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

      a.     the order issued on January 17, 2020; and

      b.     the order issued on February 27, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 11, 12). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been

forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

(4) **Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

(5) **The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

(6) **The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

(7) **The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing

Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## IV.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 20th day of March, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**